FILED20 DEC '24 10:48USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland DIVISION

DEJAN ANTHONY SEBASTIAN
(*Enter full name of plaintiff*)

Plaintiff,

v.

OREGON HEALTH AUthoRITY, OREGON STATE HOSPITAL, PSYCHIATRIC security REVIEW BOARD, NEW NARRATIVES
(*Enter full name of ALL defendant(s)*)

Defendant(s).

Civil Case No. 6:24-cv-02117-YY
(to be assigned by Clerk's Office)

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (PRISONER COMPLAINT)

Jury Trial Demanded

☒ Yes ☐ No

## I. PARTIES

*List your name, address, and telephone number below, and the same information for each defendant. Make sure that the defendant(s) listed below are identical to those contained in the caption of the complaint. Attach additional sheets of paper if necessary.*

**Plaintiff**

Name: DEJAN ANTHONY SEBASTIAN
Street Address: 2600 center st. NE
City, State & Zip Code: Salem, OREGON 97301
Telephone No.: 503 947 2754

United STATES District court
District of oregon
9th circuit Portland Division

DEJAN ANTHONY SEBASTIAN, Plaintiff
V.
OREGON STATE HOSPITAL, a state agency; OREGON DEPARTMENT OF HUMAN SERVICES, a state agency, OREGON HEALTH AUTHORITY, a STATE agency, OFFICE OF TRAINING, INVESTIGATIONS AND SAFETY, a shared service division of DHS and OHA, a state agency, PSYCHIATRIC SECURITY REVIEW BOARD, a state agency, NEW NARRITIVES formerly Known as LUKE DORE, a state agency, DOLORES "DOLLY" MATTEUCCI, former superintendent, Oregon state Hospital, JASON STRINGER, OREGON STATE HOSPITAL, Sara C. Walker MD, OREGON STATE HOSPITAL, Superintendent, DAVE BADEN, OREGON HEALTH AUTHORITY, INTERIM DIRECTOR on 8/16/23, SCOTT REICHLIN, MD, Chairperson, PSRB, JULIE DUKE, BOARD MEMBER, PSRB, ALISON BORT, J.D., PhD, Executive Director, PSRB, MATTHEW BERNDT, Paralegal, PSRB, DANA TAGUE, QMHP, CLINICAL DIRECTOR, New NARRATIVES on 5/31/2022, MOLLY SHEPARD, PhD, LICENSED PSYCHOLOGIST SOTP, OREGON STATE HOSPITAL, LINDSEY KOULOURIS, OSH OMSBUDS, OREGON STATE HOSPITAL, JOHN DOES and JANE DOES of PET and CAT at OREGON STATE HOSPITAL, ROSENITHA MITCHELL, BD3 NURSE MANAGER, OSH, SHAUN TAYLOR, BG Nurse Manager OSH, JEFF HODSON, BD3, UA, OSH, NANCY UIRICH, BG2 UNIT ADMINISTRATOR, TARA DAIMLER NURSE PRACTIONER OSH, GINA PIERCE, NURSE PRACTIONER, OSH, WENDY TIMM, TCPS, OSH, OSCAR OSH, RAMOS RN, KELSEY ANDERSON, Psychologist OSH, Tibiriu Flower CHAPLIN OSH Tocan

Signed Relocation ORDER Commit ORDER

WROTE AFFIDAVIT PROVIDED HEARSAY INFO FOR MATT

Carrie Gordon LCSW BG2

**Defendant No. 1**
Name: Oregon HEALTH AUTHORITY
Street Address: 800 NE OREGON St.
City, State & Zip Code: Portland, Oregon 97232
Telephone No.: 503-793-9119

**Defendant No. 2**
Name: OREGON STATE HOSPITALL
Street Address: 2600 center St NE
City, State & Zip Code: Salem, OREGON 97301
Telephone No.: 503-945-2800

**Defendant No. 3**
Name: PSYCHIATRIC SECURITY REVIEW BOARD
Street Address: 610 SW Alder suite 420 PSRB
City, State & Zip Code: Portland, OREGON 97205
Telephone No.: 503-229-5596

**Defendant No. 4**
Name: NEW NARRATIVE - Mill Park
Street Address: 1952 SE. 122nd
City, State & Zip Code: Portland, Oregon 97232
Telephone No.: 503-726-3764

## II. BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. You are bringing suit against (*check all that apply*):

[X] Federal officials (a *Bivens* claim)

[ ] State or local officials (a § 1983 claim)

B. What federal constitutional, statutory, or treaty right(s) is/are at issue?

First Amendment, Fourth Amendment, Fifth Amendment, Fourteeth Amendment, Olmstead Act, and Americans with Disabilities Act, OREGON REVISED STATUE 426.385 -OSH Patient Rights Deliberate inddifference, OREGON Revised STATUTE 430.210, 42 Code of Regulations 482.13

## III. STATEMENT OF CLAIMS

### Claim I

*State here as briefly as possible the facts of your case. Describe how each defendant was involved, when the conduct occurred, and any injuries you have suffered as a result. It is not necessary to give any legal arguments or cite any cases or statutes.*

I was revoked to OSH from N.N. after a muteral fight with peer and a urine Violation, N.N. MHP told me I will be at OS.H. for 30 to 90 days I been here close to 3 years. My peer was not revoked, I was after 2 peers lied about events and MHP believed their word after I invoked fifth Amendment. This was June 01, 2022 with Dana Tague, Joy the Case Manager, Scott Reighlin, Julie Duke, Alison Bort, & Matthew BernDT, Peers "Rabbit" & "DAN". I was lied to about length of stay and had option of a community SRTF placement.
•New Narratives, Dana Tague wrote Report.
I have been at the OSH for 3 year

### Claim II

*State here as briefly as possible the facts of your case. Describe how each defendant was involved, when the conduct occurred, and any injuries you have suffered as a result. It is not necessary to give any legal arguments or cite any cases or statutes.*

At OSH, I was evaluated and the thourogh evaluation stated I was not in psychosis and should be placed in SRTF

*6/02/2022 Note 8:25 pm RYAN BELL Psychiatry Note

instead I was sent to Leaf 2 with highly acute mentally ill paitients classified as "370's" where I was troubled, called an experiement as a GEI patient on a 370 unit after new patient placements. I experienced discrimination of ADA. where other more unstable patients words were taken over mines and lied on me without Due process and staff backing them causing targeting and narrative of me as BAD causing trouble in Evaluations and placement and slander and libel in Notes used in Risk Review meetings prolonging stay. Suchas going in rooms, also punching walls. etc... Never proven and I never did.

**Claim III**

*State here as briefly as possible the facts of your case. Describe how each defendant was involved, when the conduct occurred, and any injuries you have suffered as a result. It is not necessary to give any legal arguments or cite any cases or statutes.*

Supported Education caused me to owe student loans to Motiella after allowing me to enroll in classes then kicking me out for violating the internet contract, with conditions that I did not sign to and in discriminately applied suchas me using fiverr called social media while Youtube is allowed and is social media while fiverr is not and is why I was removed and not allowed to have this pleasure and priveledge while in OSH, by DAVE, ERICA, and Bridge 2 treatment team. I have the rights of the constitution to have liberties to purchase digital content. Other Alleged Discrepecies was made and detremented me

*(If you have additional claims, describe them on another piece of paper, using the same outline.)* • SARAH WALKER • OSH • Nancy Ultrich • Chi/ Gustavo • Kelsey Anderson

Claim IIII

I order Packages from T&S mailbox Plus a family owned business that sells clothes, shipping plus. I order clothes from this company for a year and six months with approval from Sean Taylor, Mike Pantonlone, and Jason Stringer and checked by security. When Nancy Ultrich became Unit Administrator she said, alleged I was bringing unknown contraband into hospital, Made me dropout of College, suspended me from work for 2 weeks saying, alledging I had a network of peers I organized throughout the Hospital, I only had peers I was relating with in difficult times. Then I was Drug Tested. Nancy Ultrich

Claim IV

*State here as briefly as possible the facts of your case. Describe how each defendant was involved, when the conduct occurred, and any injuries you have suffered as a result. It is not necessary to give any legal arguments or cite any cases or statutes.*

I was Drug Tested over 8 times, with urine, blood, feces, and held back from treatment after Alledging I had contraband because of what Nancy Alleidged, later on Flowers 3 I was told by team the contraband I had was clothes not illegal chemicals or electronics, yet Treatment team and Sarah Walker, PET TEAM Approved to have me violated with over testing with negative results. Staff watched my penis as I urined one time which I wrote grievance about, which is not protocal, And OSH sent it to OTIS who never find reason to do investigation, Chris Bridge 2, I WAS Told if I dont I cant work or leave the Unit. So I complied and filed grievance.

*(If you have additional claims, describe them on another piece of paper, using the same outline.)*

VI

Oscar Ramirez prescribed Wellbutrin XL after while I was on Latuda which cause side effects of impulsivity, irritation, and High cholesteral, when I uncharacteristically asked Staff for a cell phone Feburary 2022 and plead my cased ~~argued~~ with Dave in Supported Education for asking my mother if she recieved her flowers on Valentine's Day before asking her for login confirmation through text info. He told me to hang up and never do that again When that is something that has been okay for as long as I been there. The Bridge 2 team did not consider medications and blamed my personal morals and values and as my characteristics while on transitioning with medication managing. That is not considerate nor fair and Risk Review and Team used it against me to stay in and use against me to revoke me to Bird 3.

Claim III

VII

*State here as briefly as possible the facts of your case. Describe how each defendant was involved, when the conduct occurred, and any injuries you have suffered as a result. It is not necessary to give any legal arguments or cite any cases or statutes.*

On Bird 3N P. Tara Daimler said I should not be on meds for schizophrenia which I was diagnosed as and she said I don't have and my environment went from a relax Bridges setting to more upset, unsettled patients where I had a Biohazardous rag thrown at me by a patient that hassled and targeted me many times. I tried to press charges but my team did not put me in contact with the police so patient continiue harrassing me as I titraded off of meds of Latuda and then I was moved to higher security after I did not fight and chose to move from the Dangerous patient. Who continuously brought up my race and religion.

*(If you have additional claims, describe them on another piece of paper, using the same outline.)*

I wrote grievance on th·
I call OTIS and ~~VIII~~ DRO to ask for video footage of this in consult room OTIS should have record of this.
After titrading off meds of Latuda, Moved to Flowers 3 with the Treatment team there, NP Gina Pierce continuously yells at me, Wendy Timm does not follow through with TC Plan and my access to other treatment options has not been available such as walks, Religious services*, peer support, Consist fitness routine, visits with family, and phone calls in a quiet place. And the IDT meeting were alway heated and accusatory while I was off Latuda. When I Did not have my other treatment, and adjusting to higher Security and unstable patients around my team neglected and abused me verbaly and with ~~VIII~~ medication, not respecting My trauma in past, individualized goals, and Body Integrity with changing Involvments 10/24-24

*State here as briefly as possible the facts of your case. Describe how each defendant was involved, when the conduct occurred, and any injuries you have suffered as a result. It is not necessary to give any legal arguments or cite any cases or statutes.*

Filing grievances has seem to have a direct Cause and effect because my team ADDs it up to me being needy, symptomatic, unaccountable, irrational, repeatitive, and consider me a pain and I recieve direct pushback, or half hearted answers to my grevance or no relief for grievances. I have the sentiment of deal with it because ..... Bridge 2 and SOTP literally said my filing grievence about their judgement and discretions show I cant be trusted, I am manipulative, I am unaccountable, resistant to treatment, or that I have enough

*(If you have additional claims, describe them on another piece of paper, using the same outline.)* and I am pushing too far. I am saying I am having retaliation my meds and environment is changed Consistently. Lindsey Koulouris January 1st 2024-Present.

X

I am not allowed Mall to Mall transfers, while other patients in the hospital are. That is not fair and I attribute that to grievance or one sided discretion to not see two sides of what is the ~~[illegible]~~ cause or some other unknown but I am not allowed to even play basketball with bridges or workout in Gym which I have always done but my team says its something I am unable to do but others can. Even by myself with peer support Evan Dickenson. Flower 3 Treatment team 5/01 till ~~Claim III~~ XI Present

*State here as briefly as possible the facts of your case. Describe how each defendant was involved, when the conduct occurred, and any injuries you have suffered as a result. It is not necessary to give any legal arguments or cite any cases or statutes.*

Since being on a higher security unit with unstable patient I have been in four fights and my team keeps saying I am assulting people. I am protecting myself after being assaulted myself. 3 times, yelled at, and staff yelling at me and not helping me because of being short staff consistently as reasons to not have me having access to care, or protection, and doing nothing when I am voicing concern and calling me paranoid when I give and applied warning plans to staff and patients. This is a built up of trauma and stress and directly related

*(If you have additional claims, describe them on another piece of paper, using the same outline.)* to my enviorment and team, I do not like it here. It's dangerous for because patients and staff are discriminating, targeting, and profiling me. 5/01/24 till NOW

XII

My diagnosis is malpractice by gina pierce, I do not have access to other treatment options and before moving to next stage of diagnosis timeline I am giving pills with side effect and it is being called symptoms while dealing with stress of not having priveledges, assualts, No Visits, Short staffing being reason for no help on unit and not being allowed off unit for walks, food, or I on 1 outside time alone. Treatment alternative are not given. 5/01/24 till present

Claim III

*State here as briefly as possible the facts of your case. Describe how each defendant was involved, when the conduct occurred, and any injuries you have suffered as a result. It is not necessary to give any legal arguments or cite any cases or statutes.*

*I am Muslim, Sunni Muslim, there is no service offered according to my religion given. Accommidations are not made but said they are, Such a s books and they are not of the source I ask for according to my religious specifics. There's Catholic Mass, Christian church, Buddahist service, and other religious services except Sunni Muslim, No prayer room allowed that is special for prayer, Service that was called "Jummah" had one female staff that was not acceptable in Islam to be there. Staff are not taking serious how my religion help me in the past before being prescribed wellbutrinXL.

*(If you have additional claims, describe them on another piece of paper, using the same outline.)* After it has been all downhill. No real accomidation has been made for Muslims acceross the OSH to get together.

Books is not enough. I Don't even get one on one with religious Chaplin to go over Islamic literature.
• OSH • Tobirlu Tocan • 5/01/24 - Present

XIII

Contact Visit are not allowed, phone calls are difficult due to noise and short cord and this has put strain on my relationships with family and friends, my girlfriend has been disrespected by the staff here multiple times to the point of her being in tears and frustrated over her and my treatment and MHP call her and I relationship "volitile" because of strains OSH are putting on Relationship due to policies of safety & security. They are not good for G.E.I. in OSH HLOC. and Bridges not an option. Video Visit are a hassle and stressful. OSH. 7/01/22 till present

*State here as briefly as possible the facts of your case. Describe how each defendant was involved, when the conduct occurred, and any injuries you have suffered as a result. It is not necessary to give any legal arguments or cite any cases or statutes.*

My back was broken while at OSH and Staff did not help. When I was on Bird 3. I asked for help, pain, meds, doctor visits emergency room, heat pack and all but it was not given to me, MyKel tried to call a code because I kept saying my pain and didnt help Brooke a nurse helped then I was in so much pain I went to sleep. I later found out I have a Broken Back and Arthritis after compensation of no treatment and back healing wrong Phone cords are not helpful. I am in pain Constantly and not getting care OR Physical therapy arranged.

*(If you have additional claims, describe them on another piece of paper, using the same outline.)* • 04/27/24 till NOW OSH. BIRD 3 treatment team

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

I have filed for administrative relief as to all claims in Section III and have concluded all administrative appeals available to me.

☒ Yes ☐ No

## V. RELIEF

*State briefly exactly what you want the court to do for you and the amount, if any, of monetary compensation you are seeking. Make no legal arguments. Cite no cases or statutes.*

I want injuctive relief &TRO to be release immediately from OSH, discharged from PSRB. N.P. Gina Pierce not my provider, Contact visit, Computer time to prepare for Freedom Access to better food, 8 million for starters. Back pain treatment, Mental health care proffessionals better trained and competent, More staff, Equitable treatment, Respect and dignity. A Apology. Treatment with mental health proffessional in the community and stable housing not around unstable mentally ill people so I can heal from pain and trawna, College Loan paid off please.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 5 day of December, 2024.

[signature]
*(Signature of Plaintiff)*

1Break

2Arthritis





De'Jan Sebastian

2600 Center Street N.E.

Salem, Oregon, 97301

Dsebastian6591@gmail.com

503-947-3653

12/11/2023

Ms. Berri Leslie
State Chief Operating Officer and
DAS Director, Risk Management Claims
Department of Administrative Services
1225 Ferry St SE
FL 1
Salem, OR, 97301-4278 United States

Subject: Notice of Intent to Pursue Legal Action - Patient Rights Violations - Torts claim notice ORS 30.275

Dear Ms. Berri Leslie

I trust this letter reaches you in good health. I am writing to address the profound concerns I harbor regarding the treatment I have endured during my stay at the Oregon State Hospital (OSH). Regrettably, my experiences have left me with a conviction that the alleged torts committed during my time at the hospital warrant serious consideration for legal action.

As a patient at OSH, I firmly assert that the institution owes me a duty of care, a commitment explicitly outlined in the mission statement and values it purports to uphold. This duty encompasses the provision of therapeutic, evidence-based, patient-centered treatment geared towards recovery and community reintegration, all within the confines of a secure and supportive environment. However, my lived experiences have led me to believe that this duty has been egregiously breached. I have a mental disorder and will be released from custody July 20, 2025.

I contend that these breaches of duty have manifested in the following ways:

1. **Monitoring and Judging Video Visits:** Despite the duty to safeguard patient privacy (Value: Transparency), my video visits were subjected to unwarranted scrutiny, violating my privacy rights. A disconcerting conversation with a staff member strongly suggested that the content of my video visits was being closely examined.

*Legal precedent: Landmark cases like Katz v. United States have long established the expectation of privacy in certain situations.*

2. **Discrimination and Stereotyping:** The hospital's responsibility to treat patients with humanity and equity was compromised through stereotyping based on cultural and color differences. This was glaringly evident in a conversation I had with Agari, where implications were made that

individuals of our shared Black race can be perceived as intimidating. Such stereotypes should have no place in a facility committed to healing.

*Legal precedents: Cases like Brown v. Board of Education address racial discrimination, and anti-discrimination laws, such as the Civil Rights Act of 1964, explicitly prohibit discriminatory practices. Olmstead v. L.C. (1999) further solidifies the ADA's guarantee of the right to receive treatment in the least restrictive environment.*

3. **Lack of Transparency and Equity:** The absence of transparency and equity in addressing my concerns, coupled with a predisposition to doubt and judge me without proper consideration, represents a violation of the duty outlined in the hospital's values.

*Legal precedent:* Due process rights, as established in cases like Goldberg v. Kelly, ensure fair treatment and transparency.

4. **Emotional Distress:** The actions of the hospital have inflicted upon me significant emotional distress, constituting a blatant breach of the duty to provide a safe and supportive environment for recovery.

*Legal precedent*: Cases like Wilkinson v. Downton recognize intentional infliction of emotional distress as a tort. Wyatt v. Stickney (1978) sets a precedent for the humane treatment of individuals with mental illness, emphasizing dignity and autonomy.

5. **Violation of the Americans with Disabilities Act (ADA):** The ADA explicitly prohibits discrimination against individuals with disabilities, including mental illness. Mental health facilities are mandated to provide services in an accessible and non-discriminatory manner.

*Legal precedent:* The ADA establishes the right to be free from discrimination based on mental disabilities.

These breaches of duty align unequivocally with legal precedents that recognize the rights of patients to receive respectful and equitable treatment in mental health facilities. Cases such *as Olmstead v. L.C. (1999), Wyatt v. Stickney (1978), and the ADA underline the significance of these rights.*

I am compelled to assert that these breaches of duty have directly resulted in damages, taking the form of emotional distress, harm to my mental well-being, and potential setbacks in my recovery.

**Lack of Transparency Regarding Potential Release:** The lack of transparency regarding the potential release has induced considerable anxiety and agitation. The uncertainty surrounding the release process, coupled with a lack of clear communication, has added to the emotional distress during my time at the Oregon State Hospital. This lack of transparency has hindered my ability to plan for the future, exacerbating the overall challenges of my recovery.

**Prolonged Stay Due to Staff Shortages:** Furthermore, the inadequate staffing levels at the hospital have resulted in extended periods of stay beyond what would be necessary under normal circumstances. Due to insufficient staffing for evaluations, I find myself waiting for extended periods to advance to the next level of care, despite my care team affirming my readiness for such progression. This prolonged stay is not of my own volition but is a consequence of the hospital's staffing challenges.

**Financial Impact and Damages:** This prolonged stay carries significant financial consequences. I am missing out on potential earnings that I would have acquired outside of this hospital. The delays in the evaluation process, exacerbated by staffing shortages, are causing tangible harm by impeding my ability to resume regular work and income-generating activities. This financial impact serves as an additional dimension of damages resulting from the hospital's actions.

**Interpersonal and Relationship Damages:**

- *Strained relationships:* The stress and emotional distress I've experienced have strained my relationships with loved ones, including my girlfriend. The uncertainty and potential communication difficulties may lead to misunderstandings and frustration.

- *Stress caused to others:* The emotional burden I carry also affects my loved ones, causing them stress and worry about my well-being.

**Loss of Enjoyment:** The limitations imposed by my stay at OSH have prevented me from engaging in activities I once found pleasurable, contributing to feelings of boredom, frustration, and isolation.

**Discrimination and Suffering:**

- *Exposure to discrimination:* The alleged discriminatory behavior I faced constitutes a violation of my rights and dignity, causing emotional pain and suffering.

- *Pain and suffering:* The cumulative effects of these experiences, including emotional distress, financial losses, and potential setbacks in my recovery, have undoubtedly caused me considerable pain and suffering.

This information is not only relevant to my emotional well-being but also highlights a violation of the Olmstead Act, which emphasizes the right to receive treatment in the least restrictive environment. The prolonged stay, due to factors beyond my control, directly contradicts the principles outlined in the Olmstead decision. This letter serves as a formal notice of my intent to pursue legal action for these alleged torts. I am open to engaging in a discussion or mediation to resolve these matters amicably before considering further escalation.

Please consider this letter a formal notice, and I anticipate your prompt attention to this matter. If necessary, I will seek legal counsel to explore all available options to address the issues raised herein.

Sincerely,

De'Jan Sebastian

[Enclosures: Any supporting documentation or evidence]

De'Jan Sebastian

2600 Center Street N.E.

Salem, Oregon, 97301

Dsebastian6591@gmail.com

503-947-3653

12/05/2023

Ms. Berri Leslie
State Chief Operating Officer and
DAS Director, Risk Management Claims
Department of Administrative Services
1225 Ferry St SE
FL 1
Salem, OR, 97301-4278 United States

Subject: Notice of Intent to Pursue Legal Action for Torts claim notice ORS 30.275

Dear Ms. Berri Leslie

I trust this letter finds you well. My name is De'Jan Sebastian, and I am writing to express my deep concerns regarding the treatment I have received at the Oregon State Hospital (OSH). Regrettably, my experiences have led me to believe that there may be grounds for legal action based on the alleged torts committed during my time at the hospital.

As a patient at OSH, I firmly assert that the institution owes me a duty of care, as outlined in the mission statement and values it upholds. This duty includes providing therapeutic, evidence-based, patient-centered treatment focusing on recovery and community reintegration, all within a safe environment. However, my experiences suggest a breach of this duty.

I believe the breach of duty occurred in the following ways:

1. **Monitoring and Judging Video Visits:** Despite the duty to uphold patient privacy (Value: Transparency), my video visits were monitored and judged, infringing on my privacy rights. Further exemplifying this breach, a specific incident occurred on a Sunday video visit at 8:30 am on or around 10/15/2023. During this call, nursing assistant Rakesh made unsolicited comments about my girlfriend's appearance, stating, 'Your girlfriend is beautiful and smart.' This comment felt intrusive and unnecessary and raised concerns about the potential monitoring and judgment of my private conversations. Such behavior directly contradicts the hospital's stated value of transparency and patient privacy. Legal precedent: Landmark cases like Katz v. United States have established the expectation of privacy in certain situations.

2. **Discrimination and Stereotyping:** The hospital's duty to treat patients with humanity and equity was compromised through stereotyping based on cultural and color differences. This is evident in a conversation I had with Agari on 11/4/2023, where suggestions were made regarding our

shared Black race, implying potential intimidation. Agari said, "People like us, we have to take a little off of ourselves so we are not intimidating to them". Legal precedents: Cases like Brown v. Board of Education address racial discrimination, and anti-discrimination laws, such as the Civil Rights Act of 1964, prohibit discriminatory practices. Olmstead v. L.C. (1999) established the ADA guarantees the right to receive treatment in the least restrictive environment.

3. **Lack of Transparency and Equity:** The lack of transparency and equity in addressing my concerns, along with doubts and judgments without proper consideration, violated the duty outlined in the hospital's values. Legal precedent: Due process rights, as established in cases like Goldberg v. Kelly, ensure fair treatment and transparency.

4. **Emotional Distress:** The hospital's actions have caused me significant emotional distress, constituting a breach of the duty to provide a safe and supportive environment for recovery. Legal precedent: Cases like Wilkinson v. Downton recognize intentional infliction of emotional distress as a tort. Wyatt v. Stickney (1978) set a precedent for the humane treatment of people with mental illness, emphasizing dignity and autonomy.

5. **Violation of the Americans with Disabilities Act (ADA):** The ADA prohibits discrimination against people with disabilities, including mental illness. Mental health facilities must provide services in an accessible and non-discriminatory manner. Legal precedent: The ADA establishes the right to be free from discrimination based on mental disabilities.

Additionally, these breaches of duty have led to damages in the form of emotional distress, harm to my mental well-being, potential setbacks in my recovery, and loss of potential earnings. Two specific instances warrant attention:

**Lack of Transparency Regarding Potential Release:** The lack of transparency regarding the potential release has caused considerable anxiety, agitation, and mistrust. The uncertainty surrounding the release process, coupled with a lack of clear communication, has contributed to emotional distress during my time at the Oregon State Hospital. This lack of transparency has impeded my ability to plan for the future and has added to the overall challenges of my recovery.

**Prolonged Stay Due to Staff Shortages:** Moreover, insufficient staffing levels at the hospital have led to extended periods of stay beyond what would be necessary under normal circumstances. As a result of inadequate staffing to conduct evaluations, I find myself in the position of waiting for extended periods to advance to the next level of care despite my care team affirming my readiness for such progression. This prolonged stay is not of my own volition but is a consequence of the hospital's staffing challenges.

Furthermore, this prolonged stay has significant financial consequences. I am missing out on potential earnings that I would have if I were outside of this hospital. The delays in the evaluation process, exacerbated by staffing shortages, are causing tangible harm by impeding my ability to resume regular work and income-generating activities. This financial impact is an additional dimension of damages resulting from the hospital's actions that affects my livelihood and successful chance of reintegration into the community and increases the chance of recidivism.

**Financial Losses**: My prolonged stay at OSH has caused me significant financial hardship. As a welder, I previously earned $20 per hour, working 40 hours weekly. Since my admission to OSH on June 1, 2022, I

have missed out on a total of $14,400 in potential earnings. This lost income has further exacerbated the emotional distress caused by OSH's actions and has created additional challenges in my life.

This information is not only relevant to my emotional well-being but also highlights a violation of the Olmstead Act, which emphasizes the right to receive treatment in the least restrictive environment. The prolonged stay, due to factors beyond my control, directly contradicts the principles outlined in the Olmstead decision.

In conclusion, this letter serves as formal notice of my intent to pursue legal action for these alleged torts. I am open to engaging in a discussion or mediation to resolve these matters amicably before considering further escalation.

Please consider this Letter a formal notice, and I anticipate your prompt attention to this matter. If necessary, I will seek legal counsel to explore all available options to address the issues raised herein.

Sincerely,

De'Jan Sebastian

[Enclosures: Any supporting documentation or evidence]

How long to respo[illegible] to 4
Need
Civil Rights
Admendments
OHA ORS OSH Policies
Rights for patients

Proffessional Duties
owed to Patients
What is Habeaus Corpus
FOR

De'Jan Sebastian

2600 Center Street N.E.

Salem, Oregon, 97301

Dsebastian6591@gmail.com

503-947-3653

12/05/2023

Ms. Berri Leslie
State Chief Operating Officer and
DAS Director, Risk Management Claims
Department of Administrative Services
155 Cottage Street N.E.,
Salem, OR 97310

Subject: Notice of Intent to Pursue Legal Action for Torts claim notice ORS 30.275

Dear Ms. Berri Leslie

I trust this letter finds you well. My name is De'Jan Sebastian, and I am writing to express my deep concerns regarding the treatment I have received at the Oregon State Hospital (OSH). Regrettably, my experiences have led me to believe that there may be grounds for legal action based on the alleged torts committed during my time at the hospital.

As a patient at OSH, I firmly assert that the institution owes me a duty of care, as outlined in the mission statement and values it upholds. This duty includes providing therapeutic, evidence-based, patient-centered treatment focusing on recovery and community reintegration, all within a safe environment. However, my experiences suggest a breach of this duty.

I believe the breach of duty occurred in the following ways:

1. **Monitoring and Judging Video Visits:** Despite the duty to uphold patient privacy (Value: Transparency), my video visits were monitored and judged, infringing on my privacy rights. Further exemplifying this breach, a specific incident occurred on a Sunday video visit at 8:30 am on or around 10/15/2023. During this call, nursing assistant Rakesh made unsolicited comments about my girlfriend's appearance, stating, 'Your girlfriend is beautiful and smart.' This comment felt intrusive and unnecessary and raised concerns about the potential monitoring and judgment of my private conversations. Such behavior directly contradicts the hospital's stated value of transparency and patient privacy. Legal precedent: Landmark cases like Katz v. United States have established the expectation of privacy in certain situations.

2. **Discrimination and Stereotyping:** The hospital's duty to treat patients with humanity and equity was compromised through stereotyping based on cultural and color differences. This is evident in a conversation I had with Agari on 11/4/2023, where suggestions were made regarding our shared Black race, implying potential intimidation. Agari said, “People like us, we have to take a little off of ourselves so we are not intimidating to them”. Legal precedents: Cases like Brown v.

Board of Education address racial discrimination, and anti-discrimination laws, such as the Civil Rights Act of 1964, prohibit discriminatory practices. Olmstead v. L.C. (1999) established the ADA guarantees the right to receive treatment in the least restrictive environment.

3. **Lack of Transparency and Equity:** The lack of transparency and equity in addressing my concerns, along with doubts and judgments without proper consideration, violated the duty outlined in the hospital's values. Legal precedent: Due process rights, as established in cases like Goldberg v. Kelly, ensure fair treatment and transparency.

4. **Emotional Distress:** The hospital's actions have caused me significant emotional distress, constituting a breach of the duty to provide a safe and supportive environment for recovery. Legal precedent: Cases like Wilkinson v. Downton recognize intentional infliction of emotional distress as a tort. Wyatt v. Stickney (1978) set a precedent for the humane treatment of people with mental illness, emphasizing dignity and autonomy.

5. **Violation of the Americans with Disabilities Act (ADA):** The ADA prohibits discrimination against people with disabilities, including mental illness. Mental health facilities must provide services in an accessible and non-discriminatory manner. Legal precedent: The ADA establishes the right to be free from discrimination based on mental disabilities.

Additionally, these breaches of duty have led to damages in the form of emotional distress, harm to my mental well-being, potential setbacks in my recovery, and loss of potential earnings. Two specific instances warrant attention:

**Lack of Transparency Regarding Potential Release:** The lack of transparency regarding the potential release has caused considerable anxiety, agitation, and mistrust. The uncertainty surrounding the release process, coupled with a lack of clear communication, has contributed to emotional distress during my time at the Oregon State Hospital. This lack of transparency has impeded my ability to plan for the future and has added to the overall challenges of my recovery.

**Prolonged Stay Due to Staff Shortages:** Moreover, insufficient staffing levels at the hospital have led to extended periods of stay beyond what would be necessary under normal circumstances. As a result of inadequate staffing to conduct evaluations, I find myself in the position of waiting for extended periods to advance to the next level of care despite my care team affirming my readiness for such progression. This prolonged stay is not of my own volition but is a consequence of the hospital's staffing challenges.

Furthermore, this prolonged stay has significant financial consequences. I am missing out on potential earnings that I would have if I were outside of this hospital. The delays in the evaluation process, exacerbated by staffing shortages, are causing tangible harm by impeding my ability to resume regular work and income-generating activities. This financial impact is an additional dimension of damages resulting from the hospital's actions that affects my livelihood and successful chance of reintegration into the community and increases the chance of recidivism.

**Financial Losses**: My prolonged stay at OSH has caused me significant financial hardship. As a welder, I previously earned $20 per hour, working 40 hours weekly. Since my admission to OSH on June 1, 2022, I have missed out on a total of $14,400 in potential earnings. This lost income has further exacerbated the emotional distress caused by OSH's actions and has created additional challenges in my life.

This information is not only relevant to my emotional well-being but also highlights a violation of the Olmstead Act, which emphasizes the right to receive treatment in the least restrictive environment. The prolonged stay, due to factors beyond my control, directly contradicts the principles outlined in the Olmstead decision.

In conclusion, this letter serves as formal notice of my intent to pursue legal action for these alleged torts. I am open to engaging in a discussion or mediation to resolve these matters amicably before considering further escalation.

Please consider this Letter a formal notice, and I anticipate your prompt attention to this matter. If necessary, I will seek legal counsel to explore all available options to address the issues raised herein.

Sincerely,

De'Jan Sebastian

[Enclosures: Any supporting documentation or evidence]

12/11/2023

Dear Ms. Berri Leslie,

I trust this letter finds you well. I am writing to address the profound concerns I harbor regarding the treatment I have endured during my stay at the Oregon State Hospital (OSH), as detailed in the attached Notice of Intent to Pursue Legal Action.

In light of the gravity of the matters raised, I kindly request a timely response to acknowledge the receipt of this notice and to initiate a dialogue regarding the issues presented. Considering the nature of the concerns outlined, I propose a response within 14 days from the date of this letter.

I believe a prompt and constructive engagement will be beneficial in addressing the issues raised and potentially avoiding the necessity of legal proceedings. Your timely attention to this matter is appreciated.

If you require any additional information or documentation, please do not hesitate to contact me at the Oregon State Hospital's Bridge 2 north hall number 503 947-3653 or my email desebastian6591@gmail.com I look forward to your prompt response.

Sincerely,

De'Jan Sebastian

[Enclosures: Notice of Intent to Pursue Legal Action and supporting documentation]

DEJAN SEBASTIAN
Oregon State Hospital-LightHouse1
2600 center St. NE
Salem, Oregon 97301

CERTIFIED MAIL
9589 0710 5270 2392 2005 22

$3.15
FIRST-CLASS MAIL
IMI
$008.00
12/17/2024 ZIP 97301
043M31228317
US POSTAGE

MARK O. Hatfield
United States Federal CourtHouse
9th District Court
1000 SW 3rd Ave
Portland, Oregon 97204

Legal mail
original