IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DEJAN ANTHONY SEBASTIAN,

        Plaintiff,

    v.

OREGON HEALTH AUTHORITY;
OREGON STATE HOSPITAL;
PSYCHIATRY SECURITY REVIEW
BOARD; and NEW NARRATIVES,

        Defendants.

Case No. 6:24-cv-02117-YY

ORDER TO AMEND

YOU, Magistrate Judge.

    Plaintiff, an adult housed at the Oregon State Hospital, brings this 42 U.S.C. § 1983 civil rights action as a self-represented litigant. For the reasons that follow, Plaintiff must file an Amended Complaint or face dismissal of this case pursuant to 28 U.S.C. § 1915(e)(2).

## BACKGROUND

    Plaintiff's Complaint is a 12-page narrative statement of a variety of events that have occurred over the past two years at two different mental health facilities. It includes allegations of denial of due process relating to his current placement at the Oregon State Hospital, denial of medical care, denial of access to educational services, denial of access to clothing of Plaintiff's choice, harassment, retaliation, discrimination, denial of access to religious services, and denial of visitation rights. Plaintiff names as defendants the Oregon Health Authority, the Oregon State Hospital, the Psychiatric Review Board, and New Narratives (a community based mental health facility). Throughout his narrative, however, Plaintiff identifies numerous individuals involved in the various incidents and conditions described therein. Plaintiff does not allege the underlying

1 – ORDER TO AMEND

basis for his current confinement at the Oregon State Hospital.  By way of relief, however, Plaintiff seeks immediately release, as well as injunctive relief in the form of an order requiring changes to the conditions of his confinement and money damages.

## SCREENING REQUIREMENT

A district court must dismiss an action initiated by a plaintiff granted leave to proceed *in forma pauperis*, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  When a plaintiff is proceeding pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Moreover, before dismissing a pro se civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies.  *Karim Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).  A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment.  *Karim Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130 31 (9th Cir. 2000).

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 3(a), "[a] civil action is commenced by filing a complaint with the court."  Rule 8(a)(2) requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Each allegation must be simple, concise and direct."  Fed. R. Civ. P. 8(d)(1).  If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper.  *Sparling v. Hoffman*

*Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (district court may dismiss an action with prejudice due to a litigant's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored); *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (complaints that are "argumentative, prolix, replete with redundancy, and largely irrelevant" and that "consist[ ] largely of immaterial background information" are subject to dismissal under Rule 8); *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling"). Plaintiff's Complaint does not satisfy the pleading requirements of Rule 3 or Rule 8.

Moreover, a basic lawsuit is a single claim against a single defendant. Rule 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Rule 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). In contrast, unrelated claims against different defendants must be brought in separate lawsuits to avoid confusion and prevent "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that unrelated claims against different defendants should be brought in different lawsuits, in part to prevent prisoners from circumventing filing-fee requirements and three-strikes rule under Prison Litigation Reform Act); *Medina Chiprez v. Becerra*, Case No. 20-cv-00307-YGR (PR), 2020 WL 4284825, at *1 (N.D. Cal. July 27, 2020) ("while multiple claims against a single party may be alleged in a

3 – ORDER TO AMEND

single complaint, unrelated claims against different defendants must be alleged in separate complaints"); *Gonzalez v. Maldonado*, No. 1:11-cv-01774-SAB (PC), 2013 WL 4816038, at *2 (E.D. Cal. Sept. 9, 2013) (same). If the test for permissive joinder is not satisfied, the court "may at any time, on just terms, add or drop a party" and "may also sever any claim against a party." Fed. R. Civ. P. 21; *see also Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (noting that if joined plaintiffs fail to meet requirements of Rule 20(a), "the district court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance"); *Medina Chiprez*, 2020 WL 4284825, at *1 ("[t]he court, on its own initiative, may dismiss misjoined parties from an action, and any claim against a misjoined party may be severed and proceeded with separately").

    Plaintiff's myriad claims against multiple defendants do not satisfy the requirements of Rule 20(a) for permissive joinder. Many of Plaintiff's multiple claims and defendants have no apparent relation to one another and, as such, are not properly brought before the court. Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named. Plaintiff may not include in a single complaint everything that has happened to him that he finds objectionable over a two-year period. See Fed. R. Civ. P. 20(a). Because plaintiff has joined unrelated claims from myriad alleged incidents at different locations against different defendants, his Complaint is subject to dismissal. *See Reed v. Newsom*, No. 3:20-cv-2439-AJB-MDD, 2021 WL 2633634, at *6 (S.D. Cal. June 25, 2021) (complaint with misjoined claims and defendants subject to dismissal under 28 U.S.C. § 1915(e)(2)).

**CONCLUSION**

For these reasons, IT IS ORDERED that, by March 31, 2025, Plaintiff must file an Amended Complaint correcting the deficiencies noted above. The Court advises Plaintiff that if he fails to do so, an order and judgment dismissing this action for failing to state a claim upon which relief may be granted will be entered.

Because Plaintiff has not established exceptional circumstances warranting appointment of a member of the Court's pro bono panel at this juncture, IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Pro Bono Counsel (ECF No. 3) is DENIED.

IT IS SO ORDERED.

DATED January 31, 2025.

                                        /s/ Youlee Yim You
                                        Youlee Yim You
                                        United States Magistrate Judge